**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| Cinnamon Ridge Condominium Association, Inc., | Case No. 3:22-CV-00118 |
| Plaintiff, | JUDGE THOMAS ROSE |
| v. | |
| State Farm Fire and Casualty Company, | |
| Defendant. | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL APPRAISAL AND STAY LITIGATION**

**INTRODUCTION**

This case arises from an insurance claim for property damage caused by a hail and windstorm that occurred on May 10, 2020 (the "Loss"). The Loss occurred at Plaintiff Cinnamon Ridge Condominium Association, Inc.'s (the "Association" or "Plaintiff") properties generally located at 4412-4426 Straight Arrow, Beavercreek, OH 45430-1521 (the "Property"). At the time of the Loss, Plaintiff's property was insured under a policy of insurance (the "Policy") with Defendant, State Farm Fire and Casualty Company ("State Farm").

Following the Loss, Plaintiff filed an insurance claim with State Farm for damages caused by the Loss. Plaintiff complied with its obligations under the Policy and permitted

access to the Property for State Farm's inspection(s). However, the parties continue to dispute the amount of Loss caused by wind and hail.

State Farm acknowledged that the wind and hailstorm caused damage to the Property and that the Loss is covered under the Policy. State Farm inspected the Property and provided an estimate for repairs. The Association retained a contractor Feazel, Inc. ("Feazel") to provide analysis of the damage and an estimate for repairs. Feazel estimates the cost of repairs to be much higher than State Farm estimates. Thus, there was and continues to be a dispute between the parties about the total amount of Loss.

Accordingly, the Association demanded appraisal[1] to determine the amount of Loss. Appraisal is provided for in the Policy and it is compulsory once demanded by either party. State Farm refuses to participate in an appraisal that will determine the amount of Loss for all damage caused by the storm. State Farm contends the appraisal must be limited only to the price to repair damage that it identifies and only for repairs it contends are appropriate. State Farm's limitation of appraisal is not supported nor permitted by the Policy.

The Association has a right to have the amount of Loss determined by an appraisal panel. State Farm has improperly refused to abide by the terms of the Policy and continues to refuse to participate in an appraisal to determine the amount of Loss. Accordingly, the Association seeks an Order from this Court compelling State Farm to participate in an

---

1 Appraisal is an out of court resolution mechanism much like arbitration designed to resolve disputes over the amount of loss outside of Court. It is provided for in the Policy and has been the preferred method for resolving property insurance disputes for a century. *See, Royal Ins. Co. v. Ries*, 80 Ohio St. 272, 282, 88 N.E. 638, 640 (1909).

appraisal that will establish the amount of Loss so the dispute may be resolved. The Association also requests this litigation be stayed until the appraisal panel issues its award on the amount of Loss. It is highly likely that appraisal resolves all disputes between the parties.

## DOCUMENTS COMPRISING THE RECORD

I. **Affidavit of Anthony A. Remick:**

    Exhibit 1: The State Farm Insurance Company Insurance Policy

    Exhibit 2: Feazel Inc. Repair Estimate

    Exhibit 3: State Farm Estimate

    Exhibit 4: May 4, 2022 Appraisal Demand Letter

    Exhibit 5: *Westview Vill. v. State Farm Fire & Cas. Co.*, No. 1:22-CV-0549, 2022 WL 3584263 (N.D. Ohio Aug. 22, 2022)

## FACTS

1. Plaintiff Cinnamon Ridge Condominium Association, Inc. is an association of property owners owning property generally located at 4412-4426 Straight Arrow, Beavercreek, OH 45430-1521. (Remick Aff. Ex. 1).

2. Defendant, State Farm insured the Property under a policy of insurance, which provides coverage for, among other things, hail and wind damage. (Id.)

3. On or about May 10, 2020, the Property suffered hail and wind damage. (Remick Aff. Ex. 2).

4. Plaintiff notified State Farm of the Loss and made a claim for damages arising from the Loss ("the Claim") to State Farm under the Policy.

5. Thereafter, State Farm acknowledged receipt of the Claim, assigned it claim number 35-10F9-75W, and investigated the Loss by inspecting the property on September 22, 2020 (Remick Aff. Ex. 3).

6. State Farm provided an estimate for repairs that identified damage on all 16 buildings and estimate repairs to cost $75,273.27.  (Id.)

7. The Association retained Feazel, Inc. ("Feazel") to inspect the property and provide an estimate for repairs.  (Remick Aff. Ex. 2).

8. Feazel estimates repairs to cost $789,825.65.  (Id.)

9. The Parties were unable to agree on the amount of the Loss.

10. The Policy contains the following appraisal provision:

> **2. Appraisal**
>
> If we and you disagree on the value of the property or ***the amount of loss***, either may make written demand for an appraisal of the loss.  In this event, each party will select a competent and impartial appraiser.  Each party will notify the other of the selected appraiser's identity within 20 days after receipt of the written demand for an appraiser.  The two appraisers will select an umpire.  If the appraisers cannot agree upon an umpire within 15 days, either may request that selection be made by a judge of a court having jurisdiction.  The appraisers will state separately the value of the property and ***amount of loss***.  If they fail to agree, they will submit their differences to the umpire.  A decision agreed to by any two will be binding.

(Remick Aff. Ex. 1) (Emphasis added).

11. On May 4, 2022, Plaintiff formally demanded an appraisal and named Jack Hanks its appraiser.  (Remick Aff. Ex. 4).

12. State Farm responded stating that it does not agree to participate in appraisal.  (See, Doc 4 at ¶9).

13. The parties are unable to agree on the amount of Loss and the applicability of Appraisal. Accordingly, the Association brings this Motion to Compel Appraisal and Stay Litigation.

## ARGUMENT

I. **Declaratory Judgment.**

Ohio Rev. Code § 2721.03 provides that any person interested under a written contract or other written instrument may have its rights under said writings determined via a declaration of rights, status, or other relations under it. Courts routinely examine insurance policies and issue declarations of the rights of the parties in relation to the policy at issue. *See, J.C. Penney Cas. Ins. Co. v. Professionals Ins. Co. of Ohio*, 586 N.E.2d 222 (1990); *Indiana Ins. Co. v. Murphy*, 848 N.E.2d 889 (2006). Generally, interpretation of an insurance policy is a legal question for the Court to resolve. *Columbiana Cty. Bd. of Commrs. v. Nationwide Ins. Co.*, 719 N.E.2d 561, 566 (1998).

An insurance policy is a contract and "is to be given a reasonable construction in conformity with the intention of the parties as gathered from the ordinary and commonly understood meaning of the language employed. *Dealers Dairy Prod. Co. v. Royal Ins. Co.*, 164 N.E.2d 745, 747 (1960). Ambiguity in an insurance policy "will be construed strictly against the insurer and liberally in favor of the insured." *King v. Nationwide Ins. Co.*, 519 N.E.2d 1380, 1383 (1988).

Accordingly, the Association request this Court declare the rights of the parties under the Policy. Specifically, the Association requests the Court determine that the

Association has a right to have the amount of Loss determined by appraisal as provided for in the Policy.

## II. Participation in the Appraisal Process is Mandatory.

Appraisal provisions have been a part of insurance policies for over one hundred years and Courts have been called upon to determine their meaning and effect. *Graham v. German Am. Ins. Co.*, 79 N.E. 930 (1907). The purpose of appraisal is "to provide a plain, speedy, inexpensive and just determination of the extent of the loss." *Saba v. Homeland Ins. Co. of Am.*, 159 Ohio St. 237, 240, 112 N.E.2d 1, 3 (1953). Appraisal provisions are a valid part of the insurance agreement and are given a significant importance as a right of the parties to resolve disputes over the amount of Loss. *Id*. ("The plaintiff was led to believe that he was purchasing policies giving him the right to an appraisal and a prompt settlement of his loss so he would have the insurance money with which to reconstruct his building without the expense and delay incident to litigation. ***Obviously this is a valuable right which he should not be denied.***") (emphasis added). As the Ohio Court of Appeals reiterated "[a] valid appraisal provision is binding where invoked by the parties and expressly made the preferred method by the terms of the policy; also public policy favors appraisals which will be enforced in the absence of fraud, mistake, or manifest injustice." *Edwards v. Transamerica Ins. Grp.*, No. 86AP-176, 1986 WL 9619, at *2 (Ohio Ct. App. Sept. 2, 1986).

The appraisal panel is allowed to determine issues of fact that help address the amount of Loss while issues of coverage are reserved for the Court. *McPheeters v. United Servs. Auto. Ass'n*, No. 1:20-CV-414, 2020 WL 4901637, at *2 (S.D. Ohio Aug. 20, 2020).

The U.S. District Court for the Northern District of Ohio recently decided a factually similar case also involving State Farm and a virtually identical State Farm Policy. *Westview Vill. v. State Farm Fire & Cas. Co.*, No. 1:22-CV-0549, 2022 WL 3584263 (N.D. Ohio Aug. 22, 2022) (Remick Aff. Ex. 5). The Court held that factual disputes over the amount of Loss are appropriately resolved by appraisal. *Id*. at *4. The issues that are reserved for the Court are legal issues of interpreting the Policy. *Id*. ("Coverage issues are contract-interpretation issues.")

As is the case in this matter, the Association requests the appraisal panel determine the factual issues of how much damage was caused by the May 10, 2020 storm, what repairs are necessary to restore the property, and how much those repairs will cost—"the amount of loss". There is no dispute that the May 10, 2020 storm is a covered peril and damage caused by it is a covered loss. Accordingly, this is not a coverage dispute that requires interpretation of the coverage available under the Policy. This is a factual dispute over the amount of loss that is properly determined by the appraisal panel. If there are any issues of coverage remaining after the appraisal determines the amount of Loss caused by the storm, such as an argument that hail damage is not covered (it is), then State Farm is free to raise its coverage issues after the appraisal.

The Association demanded an appraisal to determine the amount of Loss caused by the May 10, 2020 wind and hail storm. State Farm denied the Association its right to proceed with appraisal. However, the parties clearly dispute the amount of Loss. State Farm acknowledges that all sixteen buildings were damaged by hail but contends that

repairs will only cost $75,273.27. The Association contends that necessary repairs will cost $789,825.65. This is a dispute over the amount of Loss which is properly established by appraisal.

### III. Litigation Should Be Stayed Until the Appraisal is Conducted.

The Association requests litigation proceedings in this matter be stayed until after the appraisal panel issues its determination on the amount of Loss. The proper course for this disputed insurance claim is to submit the question of the amount of Loss to the appraisal panel. The appraisal panel will then issue an award that determines the full value of the Loss. After the award determines the amount of Loss, State Farm is free to raise any coverage issues, which are legal questions for the Court to decide. However, it is likely that after the appraisal determines the amount of Loss, there will be no further issues in dispute and litigation may not be necessary at all. The purpose of appraisal is to decide the disputed amount of loss *outside* of the Courtroom, therefore litigation should be stayed until it is concluded.

### CONCLUSION

For the reasons set forth above, the Association respectfully asks the Court for the following relief:

1. An order from the court compelling the disputed amount of loss be established by appraisal at the soonest time the panel is available;

2. That litigation in the current matter be stayed until the completion of an appraisal which will potentially resolve this matter in its entirety; and

3. Such further relief as the Court deems just and equitable.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date: August 30, 2022 | /s/ Anthony A. Remick<br>SMITH JADIN JOHNSON, PLLC<br>Anthony A. Remick<br>Ohio Bar No.: 100812<br>Timothy D. Johnson<br>Ohio Bar No. 98515<br>7900 Xerxes Avenue, Suite 2020<br>Bloomington, MN 55431<br>Telephone: (952) 388-0289<br>Facsimile: (612) 235-7927<br>aremick@sjjlawfirm.com<br>tjohnson@sjjlawfirm.com<br>**ATTORNEYS FOR PLAINTIFF** |

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 30th day of August, 2022, a copy of the foregoing Memorandum of Law in Support of its Motion to Compel Appraisal and Stay Litigation was electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record:

Lori E. Thomson (0083739)
Gallagher, Gams, Tallan, Barnes & Littrell, LLP
471 East Broad St., 19th Floor
Columbus, OH 43215-3872
kthomson@ggtbl.com
*Attorney for Defendant*

                                                                                 /s/ *Anthony A. Remick*
                                                                                 Anthony A. Remick (100812)